IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01653-GPG

**DOUGLAS EDWARD BRUCE**,

    Applicant,

v.

**STATE OF COLORADO**;
**COLORADO PROBATION DEPARTMENT**;
**COLORADO ATTORNEY GENERAL**;
**COLORADO SUPREME COURT**; and
**DENVER DISTRICT COURT**; et al.,

    Respondents.

## ORDER TO FILE PRE-ANSWER RESPONSE

As part of the preliminary consideration of the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 4) filed August 10, 2015, and pursuant to *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008), the Court has determined that a limited Pre-Answer Response is appropriate.

Respondents are directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d), exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) and/or procedural default.  If Respondents do not intend to raise any of these affirmative defenses, Respondents must notify the Court of that decision in the Pre-Answer Response. Respondents may not file a dispositive motion as the Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Pre-Answer Response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Pre-Answer Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d), exhaustion of state court remedies and/or procedural default. Applicant should include any information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court, and any information relevant to overcoming a procedural default, such as cause and prejudice or the existence of a fundamental miscarriage of justice. Accordingly, it is

**ORDERED** that **within twenty-one (21) days from the date of this Order** Respondents shall file a Pre-Answer Response that complies with this Order. It is

**FURTHER ORDERED** that Respondents also specifically address Applicant's Request for a Stay of his probation proceedings related to this case (ECF No. 4, p. 22). It is

**FURTHER ORDERED** that **within twenty-one (21) days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires. It is

**FURTHER ORDERED** that if Respondents do not intend to raise any of the affirmative defenses, Respondents must notify the Court of that decision in the Pre-Answer Response.

3

DATED August 26, 2015, at Denver, Colorado.

                                                BY THE COURT:

                                                s/ Gordon P. Gallagher
                                                United States Magistrate Judge