IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01653-GPG

**DOUGLAS EDWARD BRUCE**,

    Applicant,

v.

**STATE OF COLORADO**;
**COLORADO PROBATION DEPARTMENT**;
**COLORADO ATTORNEY GENERAL**;
**COLORADO SUPREME COURT**; and
**DENVER DISTRICT COURT**; et al.,

    Respondents.

## ORDER DIRECTING APPLICANT TO FILE AN AMENDED APPLICATION

    Applicant, Douglas Edward Bruce, has filed, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 2), and has paid the $5.00 filing fee.  In the § 2254 Application, Applicant challenges his convictions for tax evasion, filing a false tax return, attempting to influence a public servant, and failing to file a tax return or to pay tax.

    The Court must construe the Application liberally because Applicant is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Moreover, inasmuch as Applicant is a former prosecutor and has legal training, he should not be the beneficiary of the liberal construction that a non-attorney *pro se* litigant is entitled to.

    The Court has reviewed the § 2254 Application and finds that it is deficient, for

the reasons discussed below. Accordingly, Applicant will be directed to file an Amended Application if he wishes to proceed in this action.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief.  *See* Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the basis for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.  In addition, Rule 4(c) of the Rules Governing Section § 2254 Cases in the United States District Courts requires that an application "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground."

Applicant's claims are vague and do not state facts to show that his convictions are invalid under the Constitution.  Applicant is also reminded that he is required to exhaust any constitutional claims in the state courts before seeking federal habeas corpus relief.  28 U.S.C. § 2254(b); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  It is not clear from Applicant's allegations in the § 2254 Application whether he has exhausted available state court remedies.  Accordingly, it is

**ORDERED** that Applicant file, **within thirty days from the date of this Order**, an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, on

the court-approved form, that complies with the requirements of Rule 8 of the Federal Rules of Civil Procedure and the directives in this Order.  It is

**FURTHER ORDERED** that if Applicant fails within the time allowed to file an Amended Application as directed, the action will be dismissed without prejudice and without further notice.

DATED September 29, 2015, at Denver, Colorado.

BY THE COURT:

/s Gordon P. Gallgher
United States Magistrate Judge